**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**AKLILU TEKLE MESHSH** — **CASE NO. 1:26-CV-03762 SEC P**

**VERSUS** — **JUDGE JAMES D. CAIN, JR.**

**ENFORCEMENT & REMOVAL OPERATIONS NEW ORLEANS FIELD ET AL** — **MAGISTRATE JUDGE GALE**

# MEMORANDUM ORDER

Before the Court is a "Motion for Preliminary Injunction Ordering Release Pending Final Judgment" (Doc. 2) filed by Aklilu Tekle Meshsh (A#__) through counsel wherein Petitioner moves for emergency relief in the form of an Order to Show Cause as to whey Petitioner should not be released from the Bureau of Prison's ("BOP") custody, or to have an individualized bond hearing before an immigration judge.

## BACKGROUND

Petitioner is a native and citizen of Eritrea with a final order of removal to Eritrea and withholding of removal to Eritrea and the Convention Against Torture "(CAT"). Petitioner was placed in removal proceedings on March 1, 2027,[1] and asserts that he is now subject to removal to a third country, which he maintains is  unlawful policy that violates the immigration laws and due process.

## LAW AND ANALYSIS

Petitioner argues that because his removal order is over nine years old, it is unlikely that he will be removed, citing *Zadvydas v. Davis*, 533 U.S. 678, 69 (2001). The Court

[1] Petitioner also assert that he has a pending I-130 Petitioner through his U.S. Citizen wife.

notes that Petitioner was taken into custody on September 23, 2026, during a routing check-in with ISAP to ensure his ankle monitor was working properly. As such *Zadvydas* does not apply.

An applicant for a temporary restraining order ("TRO") or preliminary injunction must demonstrate each of the following: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr*., 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner asserts that he is an individual subject to a final order of removal who ICE plans to deport to a third country, citing *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). In the *D.V.D.* litigation, the class sought the same remedy currently before this court: an injunction requiring Respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal

to a third country." See *id*. at 386. So, as another division, recently put it, "this Court should butt out." *Rodelo Echavez v. Lyons*, 2025 WL 3090769, at *2 (W.D. La. Sep. 22, 2025) (EDWARDS, J.) (citing *Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [D.V.D.] class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the [D.V.D] class action, should not be maintainable as individual causes of action")). Judge Edwards further observed:

> Furthermore, the Supreme Court stayed that relief in *D.V.D.*, aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. See *U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. See *D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," see *N.I.H. v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. See *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; see also *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

*Id*. The Supreme Court's refused to stay preliminary injunctive relief to petitioner and other members of the D.V.D. class, so here, Petitioner cannot "unequivocally show" his right to the extraordinary remedy he seeks. *Suburban Propane, L.P. v. D & S GCTX LLC*, 2025

WL 2429087, at *2 (W.D. Tex. May 20, 2025) (citing *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013)).

Petitioner relies on the First Circuit's September 18, 2026, decision in D.V.D that held that the statutory and regulatory framework requires DHS to provide effective notice and a meaningful opportunity to raise fear-of-prosecution and fear-of-torture claims before a third-country removal. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 2026 WL 2797801, ____F.4th_____, (1st Cir. Sept. 18, 2026). However, a mandate has not been issued regarding that decision. Considering Petitioner's final order of removal and this Court's limitations on jurisdiction pursuant to 8 U.S.C. § 1252(g), the Court declines to enter an ex parte Temporary Restraining Order.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

To the extent petitioner seeks to be immediately released or to expedite a detention hearing, the Court considers this to be a shortcut around the habeas process. The Court is reluctant to set a precedent that would interfere with the Government's adjudication of Petitioner's immigration status.

For the reasons explained herein,

**IT IS ORDERED** that the Motion for Preliminary Injunction Ordering Release Pending Final Judgment (Doc. 2) is **DENIED.** The Court directs the clerk of court to serve the respondents forthwith and refers the Petition for Writ of Habeas Corpus (Doc. 1) to the Magistrate Judge to issue an expedited briefing schedule and thereafter, a Report and Recommendation on the merits of Petitioner's claims.

**THUS DONE AND SIGNED** in chambers on this 29th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**